IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THE MICHAEL TITZE
COMPANY, INC., a Florida
corporation,
    Plaintiff,

v.                                CASE NO.: 3:08cv463/WS/MD

SIMON PROPERTY GROUP,
INC., a Delaware corporation, and
THE LAMAR COMPANIES, a
Louisiana corporation,
    Defendants.

_____

O R D E R

    Before the court are motions for protective orders served by defendants Simon Property Group, Inc., and The Lamar Companies (docs. 139, 140), to which plaintiff has responded (docs. 142, 143). The motions will be granted.

    On November 13, 2009 the parties jointly moved the court for an extension of time to complete discovery. They informed the court that there were seven specific depositions that had not been taken due to time constraints but that were either scheduled or were in the process of being scheduled. They then asked for the discovery deadline to be extended to February 26, 2010 "to allow an additional time for the parties to complete the above referenced depositions[.]" (Doc. 121, p. 3). The court granted the motion "as requested." (Doc. 126). Plaintiff thereafter served interrogatories and requests for production on the defendants who now want protective orders. They contend that the court did not authorize the extension of discovery for any purpose other than for taking the

referenced depositions. Plaintiff argues that the original motion for extension should be read broadly because the introductory paragraph mentioned "completion of discovery" and the motion concluded by requesting that "the discovery deadline . . . be amended so that discovery shall be concluded by February 26, 2010." (Doc. 121, pp. 1, 3-4).

This case has been pending since October, 2008. The original discovery cut-off date was April 14, 2009 (doc. 20). The November 13, 2009 motion was granted because the parties had worked diligently to complete depositions but had not been able to do so, largely for reasons beyond counsels' control. The motion did not ask for leave to commence additional written discovery. Had leave for additional requests for production and written interrogatories been requested the motion would have been denied. Absent the recent extension for taking depositions, discovery, by that time extended, would have ended on November 16, 2009. Plaintiff's written discovery served December 3, 2009 is untimely.[1]

ACCORDINGLY, it is ORDERED:

1. The motions for protective order (docs. 139, 140) are GRANTED, and the defendants need not respond to the written discovery at issue.

2. Within ten (10) days, the plaintiff shall pay $1000.00 to **each** defendant as a sanction for that party's costs in opposing the instant motion. Either party may, within ten (10) days, seek reconsideration of the sanction or the amount by filing a motion to reconsider with brief argument and supporting documentation, in which case the requirement for payment will be stayed until the matter is resolved.

DONE AND ORDERED this day of 28th January, 2010.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] **The court notes that the December 3 discovery should have been responded to, or motions for protective order filed, well before defendants finally sought relief here. That may ordinarily have been grounds for the court to find that any objections had been waived. However, the court will not allow its order to be amended by the defendants' lack of diligence and thereby grant plaintiff what the court would not have granted if it had been asked.**

*Case No: 3:08cv463/WS/MD*